# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WESLEY FIELDS, | 1:09-cv-01963-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| NEOTTI, Warden | [Doc. 9] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his no contest plea to one count of sexual penetration of a minor and two counts of lewd acts upon a child under the age of 14. Petitioner also admitted having suffered three prior serious felony convictions. On February 9, 2006, Petitioner was sentenced to a determinate state prison term of twenty seven years. (Lodged Doc. No. 1.)

Petitioner filed a timely notice of appeal. On November 27, 2006, the California Court of Appeal, Fifth Appellate District, struck the parole revocation fine, but affirmed the judgment in all other respects. (Lodged Doc. No. 2.) Petitioner did not seek review in the California Supreme Court.

Petitioner subsequently filed four pro se state post-conviction collateral petitions.[1] The first petition was filed on December 12, 2006, in the Fresno County Superior Court. (Lodged Doc. No. 3.) The petition was denied on December 22, 2006. (Lodged Doc. No. 4.)

The second petition was filed in the Fresno County Superior Court on May 7, 2007. (Lodged Doc. No. 5.) That petition was denied on June 4, 2007. (Lodged Doc. No. 6.)

The third petition was filed in the California Court of Appeal, Fifth Appellate District on June 19, 2007. (Lodged Doc. No. 7.) The petition was denied on February 21, 2008. (Lodged Doc. No. 8.)

The fourth and final petition was filed in the California Supreme Court on May 15, 2008. (Lodged Doc. No. 9.) The petition was denied on December 10, 2008. (Lodged Doc. No. 10.)

Petitioner filed the instant federal petition for writ of habeas corpus on November 4, 2009. (Court Doc. 1.) Respondent filed the instant motion to dismiss on February 1, 2010. (Court Doc. 9.) Petitioner did not file an opposition.

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a

---

[1] All filing dates reflect application of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

2

1 response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

2 Supp. at 1194 & n. 12.

3    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

4 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

5 to dismiss pursuant to its authority under Rule 4.

B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on November 4, 2009, and thus, it is subject to the provisions of the AEDPA.

   The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on November 27, 2006, the California Court of Appeal, affirmed the convictions but struck the parole revocation fine. Petitioner did not file a petition for review in the California Supreme Court. Thus, direct review became final on January 6, 2007, when the forty-day period for seeking review expired. Cal. Rules of Court, Rule 28(b) (renumbered to 8.500(e)(1); Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002). Therefore, the one year limitations period began on the following day, January 7, 2007, and absent tolling, was set to expire on January 7, 2008. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

1.      No Tolling While First Petition Was Pending in State Court

Petitioner's first state habeas petition was filed and concluded prior to the start date of the statute of limitations. (Lodged Doc. Nos. 3-4.) The petition was denied on December 22, 2006- sixteen days before the limitations period commenced. (Lodged Doc. No. 4.) A collateral action

filed prior to the effective date of the statute of limitations has no tolling consequence. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).

    2. Period of Time That Lapsed After Commencement of Limitations Period

As just stated, the one-year limitations period commenced on January 7, 2007, and at the time the second petition was filed on May 2, 2007, 120 days of the limitations had expired.

    3. Tolling During Period of Time the Second and Third State Petitions Were Pending in State Court

Respondent does not argue that the second and third state petitions were improperly filed; therefore, Petitioner is entitled to tolling for the pendency of his second and third state petitions. Thus, the limitations period was tolled from May 7, 2007 (date second petition signed) through February 21, 2008 (date third petition denied). (Lodged Docs 5-8.) See Pace v. DiGuglielmo, 544 U.S. at 410 (stating that the limitations period is tolled while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

    4. No Tolling for Period Between Denial of Third Petition and Filing of Fourth Petition

Respondent argues that Petitioner is not entitled to statutory tolling because he delayed 85 days after the denial of the third petition on February 21, 2008, before he brought the fourth petition. (Lodged Doc. Nos. 8-9.) While it is arguable that the 85 days of delay may be unreasonable under California law, the Court need not resolve the issue because the petition is untimely even if this period is tolled.

    5. Tolling During Period Fourth Petition Was Pending in State Court

Respondent does not argue that the fourth state petition was improperly filed. Therefore, Petitioner is entitled to tolling from May 15, 2008 (date fourth petition signed) through December 10, 2008 (date fourth petition denied). (Lodged Doc. Nos. 9-10.)

D.     End of Limitations Period

After the fourth state petition was denied on December 10, 2008, Petitioner delayed an additional 329 days of the limitations, and the instant petition is untimely by 84 days. Mayle v. Felix, 545 U.S. 644, 644 (2005); Rhines v. Weber, 544 U.S. 269, 271 (2005); Nino v. Galaza,

1  183 F.3d at 1007.

2  E.     Equitable Tolling

3        The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

    Petitioner has not presented, nor does this Court find, any basis to warrant equitable tolling. Accordingly, the instant petition is untimely.

## RECOMMENDATION

    Based on the foregoing, it is HEREBY RECOMMENDED that:

    1. Respondent's motion to dismiss the instant petition be GRANTED; and

    2. The Clerk of Court be directed to dismiss the petition with prejudice.

    This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **March 13, 2010**           /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE